Thomas L. Anderson, Plaintiff *in Propria Persona*
4505 W. Cameron Street
Eau Claire, Wisconsin 547034

DOC NO
REC'D/FILED
2015 MAR 24 PM 12: 24
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

THOMAS L. ANDERSON,

PLAINTIFF

v.

CASE NO. 15 C 189

COUNTRYWIDE HOME LOANS, INC. AND COUNTRYWIDE HOME LOAN SERVICING, L.P., AS SERVICER FOR BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-17 AND BANK OF NEW YORK MELLON AS TRUSTEE FOR CERTIFICATEHOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2005-1 MORTGAGECPASS-THROUGH CERTIFICATES, SERIES 2005-17 AND BANK OF AMERICA, N.A. AND DEBORAH BLOMMER AND BAYVIEW LOAN SERVICING, LLC DBA BAYVIEW LOAN SERVICING AND MICHAEL P. TRAINOR AND BLANK ROME, LLP,

DEFENDANTS

______________________________________/

**COUNT I – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.**

Comes now the plaintiff Thomas L. Anderson and sues the defendant COUNTRYWIDE HOME LOANS, INC. for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiffs reside in Eau Claire County, Wisconsin

The defendant appears to be a corporation doing business in the State of Wisconsin. The defendant is a debt collector and subject to the provision, terms and penalties of the Fair Debt Collection Practices Act.

## STATEMENTS OF FACT

Beginning in 2008, more than three different organizations, appearing to be in the banking industry, were involved in foreclosure actions against the plaintiff, the first of which was COUNTRYWIDE HOME LOANS, INC. **(See Exhibit 1)**

A second foreclosure lawsuit was filed against the plaintiff in January of 2009 by COUNTRYWIDE HOME LOANS SERVICING, L.P., AS SERVICER FOR BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-17, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-17. This was subsequently dismissed on February 25, 2009 for the reason that the defendant (Countrywide for B of NY) stated it was negotiating a workout plan with the plaintiff, even though no such plan had ever been discussed with anyone. Plaintiff was never provided with any terms of the workout or provided any statement thereof; that case number was 2009-CV-0062. **(See Exhibit 2)**

A third foreclosure case was then filed by BANK OF AMERICA AS SERVICER FOR THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-17 and on July 11, 2012 (case # 2012-CV-054), 2012, this party (B of NY Mellon) obtained a foreclosure judgment, by default, against the plaintiff without a trial and without any evidence. There was no default as the plaintiff had always acted diligently in responding to the collection actions. The judgment was appealed but upheld on the unsupported and irrelevant accusation that the plaintiff was a "paper terrorist" for having filed a defense to the unlawful foreclosure action. The appellate court never ruled on the merits of the appeal. **(See Exhibit 3)**

In addition to these parties, other individuals and organizations send statements, notices and demands for payment and financial disclosures to the plaintiff beginning from 2008 through the current date. These included Bayview Loan Servicing, LLC, Bank of America, N.A. and a law firm by the name of Blank Rome, LLP and several attorneys by the name Michael P. Trainor, Deborah Blommer,

The defendant sent written communication to the plaintiffs claiming to have rights to foreclose upon the plaintiff's property unless the plaintiff provided financial disclosures and paid money to prevent the foreclosure, even though the plaintiff was not in default to the defendant.

On June 30, 2008 an attorney representing Countrywide, by the name Deborah Blommer, mailed plaintiff a three page letter which was not titled. It stated that the plaintiff had thirty days after receipt of their letter to dispute the validity of the debt and stated that the letter was an attempt to collect a debt. **(See Exhibit 4)**

On July 24, 2008 plaintiff responded and disputed the collections claim and asked to validate the debt by identifying the creditor and under what authority the Blommer was acting. **(See Exhibit 5)**

A foreclosure suit was then filed against the plaintiff by the defendant, then on August 12, 2008 Blommer responded to plaintiff's dispute letter by sending plaintiff a payment history and a copy of a note and mortgage but never identifying the lender or creditor that she represented and never answering plaintiff's questions or validating the purported debt. **(See Exhibit 6)**

The first foreclosure suit was filed in Eau Claire County Court on Aug 15, 2008 by Chaz M. Rodriguez, on behalf of Countrywide Home Loans, Inc., as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-17, Mortgage Pass Through Certificates, Series 2005-17. **(See Exhibit 1)**

This lawsuit was subsequently dismissed on December 4th 2008 for improper service of process. **(See Exhibit 7)**

A second foreclosure suit was filed on Jan 16, 2009 by Countrywide Home Loan Servicing, L.P., as servicer for Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-17, Mortgage Pass-Through Certificates, Series 2005-17 and was subsequently dismissed, voluntarily on February 25, 2009 for the reason stated that the plaintiff's Attorney's would negotiate a workout plan with the Andersons, even though Countrywide, their Attorneys, agents, affiliates nor anyone else had ever discussed such matters with the Andersons. The Anderson's were

never provided with any "terms of the workout" or provided any statement thereof; that case number In Eau Claire County Court was 2009CV0062. **(See Exhibit 8)**

As of today's date plaintiff has never been contacted or explained the terms of any workout by the court, Countrywide, Bank of America or their Attorneys as stated on the order dismissing the case.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The defendant is involved in a debt collection or foreclosure action against the plaintiff in the state of Wisconsin. The defendant is a third-party debt collector and subject to the provisions, including but not limited to, the penalties and damages set forth in the Fair Debt Collection Practices Act.

The defendant has been and is engaged in acts or omissions prohibited by the Fair Debt Collection Practices Act.

**Plain Statement of Cause of Action.**

The defendant is not named as lender in the mortgage and no rights under the mortgage terms were ever transferred or conveyed to the defendant.

The plaintiff is not in default to the defendant under the terms of the mortgage, or any other instrument. Upon receiving these communications, the plaintiffs responded by disputing the claim and demanding that the defendant explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that it was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendants began attempting to foreclosure under the terms of the mortgage, as if they were the holder or in control of then note and mortgage, yet they are not.

The Defendants have begun attempting to collect this debt from the Plaintiff.

The Defendants also sued the Plaintiff without following the required procedures with respect to information and documents necessary to collect a debt, stating that it would take the home of the plaintiffs, evict them, and then sue them for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendants asked the Plaintiffs the location of his and her place of employment and threatened to garnish their wages.

The Defendants failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendants have undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendants have somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited

provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiff Thomas L. Anderson and sues the defendant COUNTRYWIDE HOME LOANS SERVICING, L.P., AS SERVICER FOR BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-17, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-17 for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

Plaintiff alleges and incorporates the foregoing allegations in his statements of fact from Count I of the complaint into this court to avoid making redundant statements.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Eau Claire County, Wisconsin, for all times material to this complaint and the subject property that has given rise to this complaint is known as 4505 West Cameron Street Eau Claire, Wisconsin.

The defendant is limited liability company currently doing business in the County of Eau Claire.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property. Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions. The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how she obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendants also sued the Plaintiff without following the required procedures with respect to information and documents necessary to collect a debt, stating that it would take the home of the plaintiffs, evict him, and then sue him for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendants asked the Plaintiff for the location of his place of employment and threatened to garnish their wages.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendant has undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiff has suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows: A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3); C. An award of actual damages; D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

**COUNT III – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.**

Come now the plaintiff Thomas L. Anderson and sues the defendant BANK OF AMERICA AS SERVICER FOR THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-17 for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

Plaintiff alleges and incorporates the foregoing allegations in his statements of fact from Count I of the complaint into this court to avoid making redundant statements.

Additionally, Russell Karnes, an attorney with Blommer Peterman, LLC published a notice of sheriff's sale in the Eau Claire Leader-Telegram Newspaper on February 18, 2015, that stated the amount of $421,697.58, as demonstrated by the exhibits attached for this count. **(See Exhibit 9)**

In a statement dated December 30th 2014 from another defendant, Bayview Loan Servicing LLC, the amount claimed to be owed by the plaintiff in the same case was $555,422.66 "or greater" as demonstrated by the exhibits attached for this count. **(See Exhibit 10)**

Sarah Soltis made false certifications for the defendant (Bank of America) as to service of process in the state court, that service of process had been perfected when it had not.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Eau Claire County, Wisconsin, for all times material to this complaint and the subject property that has given rise to this complaint is known as 4505 West Cameron Street Eau Claire, Wisconsin.

The defendant is limited liability company currently doing business in the County of Eau Claire.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property. Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions. The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how she obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendants also sued the Plaintiff without following the required procedures with respect to information and documents necessary to collect a debt, stating that it would take the home of the plaintiffs, evict him, and then sue him for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendants asked the Plaintiff for the location of his place of employment and threatened to garnish their wages.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendant has undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiff has suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows: A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3); C. An award of actual damages; D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

**COUNT IV – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.**

Come now the plaintiff Thomas L. Anderson and sues the defendant BANK OF AMERICA, N.A. for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

Plaintiff alleges and incorporates the foregoing allegations in his statements of fact from Count I of the complaint into this court to avoid making redundant statements.

Additionally, around August 10, 2009 Defendant, Bank of America sent plaintiff an Adjustable Rate Mortgage Payment Notice. On August 14, 2009, **(See Exhibit 11),** plaintiff replied with a letter demanding certified documentation (copy of contract and note) as why plaintiff was obligated to pay Bank of America, N.A. No response.

Around the first half of July, 2011, plaintiff received a letter titled "Important Message About Your Loan" from Bank of America, N.A. On July 23, 2011 plaintiff sent

Bank of America, N.A. **(See Exhibit 12)**, a notarized letter disputing and asking for validation of debt, consisting of five relevant questions. No response was ever given

None of the letters that plaintiff sent to Bank of America, N.A. received a response that validated our request or dispute and none of our questions were answered. We were never provided with a single point of contact but a list of different names of people to contact, none of whom we were ever able to speak with, and letters sent by Bank of America, N.A. Did always state that it was attempting to collect a debt (the FDCPA notice).

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Eau Claire County, Wisconsin, for all times material to this complaint and the subject property that has given rise to this complaint is known as 4505 West Cameron Street Eau Claire, Wisconsin.

The defendant is limited liability company currently doing business in the County of Eau Claire.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property. Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions. The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiff also asked the defendant to explain how she obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Beginning in August of 2009 through October of 2011, plaintiff wrote several letters to Bank of America, N.A. asking for its authority to communicate with the plaintiff regarding the mortgage lien on his property. Instead of answering the questions advanced by the plaintiff, the defendant called many times asking for financial disclosures, threatening foreclosure and demanding payment, as it had rights under the mortgage lien.

No single point of contact was identified at any time. Eventually, after having failed or refused to answer basic questions such as who are you and how did you obtain my personal banking information, a letter sent on letter-head from Bank of America was sent stating that no one from the bank would answer any more of plaintiff's "frivolous questions". Most letters and demands sent from defendant stated on the face that Bank of America, N.A. was a debt collector and that any information obtained from the plaintiff would be used in the course of and for the purposes of collecting a debt. No debt to Bank of America, N.A. was ever identified.

Bank of America, N.A. continued sending plaintiff numerous documents and financial disclosure request forms. These notices stated that the defendant could alter the terms of the mortgage and allow the plaintiff to pay less and indicated that if he failed to provide the information and payments requested, that the defendant would sell his home in a foreclosure auction.

Plaintiff relied on these representations out of fear that the defendant actually had some rights under the mortgage terms and provided the financial information requested. Once defendant obtained the plaintiff's financial information, it sent him a letter dated March 8, 2013 **(See Exhibit 13)**confirming receipt of the information and stating that it would be evaluated but requested more documents. Plaintiff sent the additional documents and forms, and receipt of them was confirmed by the defendant by Angela Mosley for the defendant on April 9th (**See Exhibit 14**) and April 16th 2013. **(See Exhibit 15)** All documents and disclosures were completed before April 24th 2013.

Plaintiff then received a letter from the same Angela Mosley dated April 29, 2013 stating that "Your loan is not eligible for a modification because you did not complete and submit all of the documents we requested"**(SeeExhibit 16)**No other communication

was made between the plaintiff and defendant between April 16, 2013 and April 29, 2013. There was never any indication that all of the requested disclosures were not provided; however, defendant has retained all of the financial disclosures and information that the plaintiff was coerced to send under threat of foreclosure to this day.

The defendant never provided the plaintiff with its document retention policy.

On the date of April 11th 2005 plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The Defendant has begun attempting to collect this debt from the Plaintiff. The defendant is a debt collector and subject to the terms, provisions and penalties of the Fair Debt Collection Practices Act.

The Defendant also threatened to sue the Plaintiff, stating that it would take the home of the plaintiffs, evict him, and then sue him for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendants asked the Plaintiff for the location of his place of employment and threatened to garnish their wages.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendant has undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiff has suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows: A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3); C. An award of actual damages; D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT V – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiff Thomas L. Anderson and sues the defendant BAYVIEW LOAN SERVICING, LLC DBA BAYVIEW LOAN SERVICING for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

Plaintiff alleges and incorporates the foregoing allegations in his statements of fact from Count I of the complaint into this court to avoid making redundant statements.

Additionally, a letter plaintiff received from Bank of America dated November 24, 2014 stated that servicing on his loan would be transferred to Bayview Loan Servicing on December 16, 2014. Several of Bank of America, N.A. letters stated that it involved a collection of a debt and that any information obtained would be used for that purpose.

On December 22, 2014 plaintiff received a letter from Bayview Loan Servicing of Coral Gables Florida and then again in early January of 2015, plaintiff received a letter dated December 30, 2014 **(See Exhibit 10)** from Bayview. In the middle of their letter it stated that the plaintiff had thirty days to dispute the debt and that this letter was an attempt to collect a debt and any information obtained would be used for that purpose.

Plaintiff subsequently replied, on January 24th 2015, **(See Exhibit 17)** with a notice of dispute and request for validation. On February 10, 2015 plaintiff received an unsigned letter from Bayview apparently acknowledging the notice of dispute **(See Exhibit 18)** but a validation of debt has never been provided to the plaintiff.

On February 2nd 2015 **(See Exhibit 20)** plaintiff responded to Jamie O'Neal's Dec 30, 2014 letter referring to a "Request for Initial Packet for the Home Affordable Modification Program". **(See Exhibit 19)**

A second letter on February 10, 2015 was sent by Teaunte Wilson **(See Exhibit 21)** regarding a Request for the Packet and plaintiff responded on March 7, 2015. **(See Exhibit 22)** No Response from the defendant has been made.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Eau Claire County, Wisconsin, for all times material to this complaint and the subject property that has given rise to this complaint is known as 4505 West Cameron Street Eau Claire, Wisconsin.

The defendant is limited liability company currently doing business in the County of Eau Claire. The defendant is a debt collector and subject to the terms, provisions and penalties under the Fair Debt Collection Practices Act.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property. Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions. The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how she obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendant also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiffs, evict him, and then sue him for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendants asked the Plaintiff for the location of his place of employment and threatened to garnish their wages.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendant has undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiff has suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees

and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows: A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3); C. An award of actual damages; D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

**COUNT VI – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.**

Come now the plaintiff Thomas L. Anderson and sues the defendant BLANK ROME LLP AND MICHAEL P. TRAINOR AND DEBORAH BLOMMER for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

Plaintiff alleges and incorporates the foregoing allegations in his statements of fact from Count I of the complaint into this court to avoid making redundant statements.

Additionally, on Oct 20, 2011 **(See Exhibit 23)** Bank of America, N.A. hired Blank Rome LLP from Philadelphia, Pennsylvania to write plaintiff a letter answering Plantiff's July 23, 2011 that Plaintiff had sent to Bank of America, N.A. **(See Exhibit 12)** The letter did not address or respond to the notices of dispute or the requests for validation, it was evasive and an attempt to intimidate the plaintiff.

On November 2, 2011 **(See Exhibit 24)** Michael P. Trainor of Blank Rome LLP wrote plaintiff another letter that was an amendment to his October 20, 2011 letter, and there was no mention of Debt Collection. On November 28, 2011 **(See Exhibit 25)** plaintiff wrote another letter to Blank Rome.

On January 23, 2012 Plaintiff sent a Demand and Notice to Blank Rome **(See Exhibit 26).** Plaintiff received letters from Blank Rome on July 9, 2012 signed by Courtney Magnarella **(See Exhibit 27)** and on August 1, 2012 signed by Thomas P. Cialino **(See Exhibit 28).**

Plaintiff wrote and sent letters to Blank Rome on August 10, 2013, August 16, 2013 and September 14, 2013. **(See Exhibits 29, 30 & 31)**

On November 5, 2013 Thomas P. Cialino from Blank Rome sent Plaintiff a letter and he stated "but we have refrained from again copying and sending the enclosures". Plaintiff had informed Blank Rome of missing documents which they stated were sent in one of their letters. Plaintiff was seeking to get copies of those alleged enclosures from Blank Rome. **(See Exhibit 32).**

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Eau Claire County, Wisconsin, for all times material to this complaint and the subject property that has given rise to this complaint is known as 4505 West Cameron Street Eau Claire, Wisconsin.

The defendants, each and everyone, is limited liability partnership, or an individual employed or affiliated with each other defendant, currently doing business in the County of Eau Claire. Each defendant is a debt collector and subject to the terms, provisions and penalties of the Fair Debt Collection Practices Act

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property. Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions. The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how she obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendant also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiffs, evict him, and then sue him for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendants asked the Plaintiff for the location of his place of employment and threatened to garnish their wages.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendant has undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiff has suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows: A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3); C. An award of actual damages; D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

Dated this 23rd day of March, 2015.

Thomas L. Anderson, Plaintiff